232

Narcisse Guillot
vs.
Exilia Guillot

Div. No. 10436

DECISION

September 28, 1918

DORAN, J. The denial of plaintiff's former petition makes it conclusive that on March 18th, 1918, he was not entitled to a divorce. Was he by virtue of the

lapse of four months' time entitled to a divorce on July 20th, 1918? If Judge Brown had found that the separation was four months or less short of ten years, the granting of this petition would be a simpler matter, but he did not so find, only that a certain period of cohabitation was disputed and that one witness placed that period as eight or nine years ago. Grant that Judge Brown did not find that the period of separation was less than ten years and that it is legally possible for the Court now to find that the period of separation prior to March 18th plus four months equals or exceeds ten years, the discretion exercised in denying the former petition was the discretion of the court, not simply the discretion of the justice hearing the case, and it is going a long way for the Court to say that a decree which is not a matter of right but of judicial discretion, to which plaintiff was not entitled in March, should be entered because of the lapse of four months' time. This is not a re-trial of the former case with more complete evidence.

Upon the question whether the plaintiff would be entitled to a decree upon the evidence produced now if there had been no earlier petition, it must be held that a petition for divorce on the ground of ten years' living apart is subject to any applicable general principle of divorce law. For example, if it were admitted or indisputably proved that the living apart was the result solely of an agreement that the living apart for the purpose of divorce, divorce would have to be denied for collusion. The defence of recrimination lies to divorce on this ground as to a petition on any other ground. If in any case it were clear that the petitioner alone caused and wrongfully caused the ten years' living apart, it does not seem to me that the Court would have the right to decree divorce. Certainly in such a state of affairs, it would be a strange

exercise of discretion to decree it. The evidence is very conflicting as to who was responsible for the separation in this case. The husband claims that the wife would live no where but in Fall River, when he could do much better elsewhere. This she denies.

Considering all the circumstances. the petition is denied.

For petitioner: Wm. H. McSoley.

For respondent: Archambault & Archambault.